AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Oklahoma

FILED
NOV 03 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| United States of America<br>v.<br><br>**SEAN BONHAM WINDSOR**<br>*Defendant(s)* | )<br>)<br>) Case No. 20-mj-395-FHM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 30, 2020__ in the county of __Tulsa__ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in Possession of Firearms and Ammunition |
| 18 U.S.C. §§ 922(g)(2) and 924(a)(2) | Fugitive from Justice in Possession of Firearms and Ammunition |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

SA Ashley Stephens, ATF
*Printed name and title*

FHM
Sworn to before me and ~~signed in my presence~~ via telephone

Date: 11-2-20

City and state: Tulsa, OK

*Judge's signature*

Frank H. McCarthy, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | |
| ) | Case No. _____ |
| ___SEAN BONHAM WINDSOR___ ) | |
| ) | |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Ashley Stephens, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been so employed since July of 2004. Before joining the ATF, I was employed as a Police Officer with the Tahlequah Police Department, in Tahlequah, Oklahoma, for three years. I successfully completed the Council on Law Enforcement Education and Training Academy as required by the State of Oklahoma for peace officer certification. I also completed the Criminal Investigator Training Program required by the ATF to be an ATF criminal investigator. I also completed the Special Agent Basic Training Academy required by ATF for all special agents employed by ATF. In connection with my official duties as an ATF Special Agent, I investigate criminal violations of Federal Firearms Laws, Federal Arson Laws, Federal Explosives Laws and Federal Narcotics laws.

2. I hold a Bachelor's of Science Degree in Criminal Justice from Northeastern State University and I also have a Master's of Forensic Science Degree from Oklahoma State University.

3. During the first four (4) years of my employment with ATF, I was assigned to the North Texas High Intensity Drug Trafficking Area (HIDTA) Violent Crime Task Force where I was responsible for investigating criminal violations of Federal Firearms Laws and the Controlled

Substances Act. I was the lead case agent for an Organized Crime Drug Enforcement Task Force (OCDETF) which resulted in numerous drug and firearm seizures. I have been the affiant for numerous state and federal search warrants. I have been involved in multiple investigations over my career which have resulted in the seizure of controlled substances and firearms, resulting in the successful prosecution of individuals involved. During my career, I have received hundreds of hours of training, including training regarding the investigation of those who are involved in the armed illicit distribution of controlled substances and training regarding individuals who commit fraudulent acts. I have received training and have experience including, but not limited to, working in an undercover capacity, surveillance, management of confidential informants, drug-trafficking conspiracies, money laundering, organized criminal activity investigations, the preparation and execution of firearm and drug related search warrants and debriefing of informants and witnesses.

4. I am an ATF Certified Explosives Specialist (Certification Number 12-42) and as such have received numerous hours of training regarding explosives and the investigation of explosive cases. I have attended numerous explosive schools i.e. Certified Explosive Specialist Basic, Advanced Explosives Disposal Techniques, Chemistry of Pyrotechnics, Homemade Explosives Identify Process and Disposal, and Naval Basic Improvised Explosive Devices to name a few. I am also well versed in the Federal firearms laws.

5. I have received and completed the Firearms Interstate Nexus Training Basic School, provided by the ATF Firearms Technology Branch in Martinsburg, WV. During the training at the Firearms Interstate Nexus Training Course in Martinsburg, WV, I personally examined the ATF Firearms Technology Branch's Reference Collection, which includes approximately 10,000 firearms. In the course of my duties in establishing firearms interstate commerce, I have consulted various firearm publications and periodicals, have accessed official

licensing files and have examined other documents. I have also consulted with other firearms experts, all of which leads to my expertise in the movement of firearms in interstate commerce. As an expert I have testified in federal court regarding interstate nexus and firearms' subsequent effect on and travel status of firearms as they pertain to interstate commerce.

6. I am also a Certified Fire Investigator responsible for providing technical support and analysis to assist other ATF Special Agents in fire investigations and training activities. This technical support includes: fire origin and cause determinations, court preparation and presentation of evidence, technical interpretation of fire-related information, and presentation of expert witness opinions.

7. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal crime laws and know it is a violation of Title 18 United States Code Section 922(g)(1) for any person convicted of a felony to possess a firearm or ammunition that has traveled in or affected interstate or foreign commerce. I also know that it is a violation of Title 18 United States Code Section 922(g)(2) for any person who is a fugitive from justice to possess a firearm or ammunition that has traveled in or affected interstate or foreign commerce.

8. I know that **SEAN BONHAM WINDSOR** is a multi-convicted felon who is prohibited from the possession of firearms and ammunition. Specifically, I have reviewed his Kansas Department of Corrections profile showing **WINDSOR** has the following felony convictions out of the State of Kansas: Forgery (Sedgwick County 99CR1918), Use False or Fictitious Name on ID Application (Sedgwick County 02CR1115), Possession of Depressants, Stimulants or Hallucinogenics (Sedgwick County 10CR1984), Criminal Possession of a Firearm having a barrel less than 12" (Sedgwick County 10CR1894), Criminal Possession of a Firearm having a barrel less than 12" (Sedgwick County 10CR1304), Possession of Opiates (Sedgwick

County 06CR518), Criminal Possession of Firearm Within 10 Years (Sedgwick County 06CR518), Aggravated Assault (Sedgwick County 10CR1894), Aggravated Assault (Sedgwick County 10CR944) and Criminal Possession of a Firearm barrel less than 12" (Sedgwick County 10CR944).

9.   I have spoken to Wichita Police Department authorities and reviewed court documents showing that **Sean Bonham WINDSOR** is currently a fugitive from justice. Based upon those sources, I have learned that **WINDSOR** has a felony warrant out of Sedgwick County in Wichita, Kansas for Case # 2020CR000230 involving allegations of a shooting. The warrant was entered into NCIC on September 25th, 2020. The warrant has an appearance bond of $150,000. The affidavit in support of that warrant signed by a Sedgwick County Pretrial Services Officer alleges "[o]n September 24, 2020, the defendant cut the strap on his Electronic Monitoring Device (EMD), and removed it from his leg, as report by Core Monitoring on September 25, 2020." **WINDSOR** is also wanted for questioning regarding another shooting incident in the Wichita area.

## PROBABLE CAUSE

10.  The following information is based on my own investigation, in addition to information received from other law enforcement personnel. On October 30th, 2020, the United States Marshal Service (USMS) were searching for **Sean Bonham WINDSOR**, in reference to an outstanding felony arrest warrant issued out of the State of Kansas. USMS Deputies received information that **WINDSOR** was at a residence located at 3510 E 143rd Place South, Bixby, Oklahoma 74008. This address is within the Northern District of Oklahoma. USMS Deputies began surveillance on the aforementioned address. **WINDSOR** was observed leaving the residence and walked to a nearby port-a-potty. **WINDSOR** exited the port-a-potty and USMS

Deputies approached him as he continued to walk toward the west. **WINDSOR** was taken into custody without incident.

11.   USMS Deputies retraced **WINDSOR's** steps. Supervisory Deputy John Gage observed two bags, a black bag and small suitcase, in the yard of the residence located at 3504 East 143rd Place South. This residence is adjacent to the residence from which **WINDSOR** was observed leaving. Mr. Zach Hammitt is the lessee of said address. Mr. Hammitt said that the bag in his yard did not belong to him. He had never seen the bag or bags.

12.   USMS Deputy Dayne Williams, utilized his canine partner and conducted an open air sniff of the aforementioned bags. The canine alerted to the presence of an explosive odor emanating from the bag. The bags were subsequently opened. In the black suitcase, a Ruger Model 57, 5.7 x 28 semi-automatic pistol bearing serial number 641-04497 was found. This firearm was loaded with 21 rounds of Fabrique Nationale Belgique 5.7 x 28 caliber ammunition. Also inside this suitcase agents found a box containing 50 rounds of Remington 9mm Luger ammunition. Agents also found a plastic baggy containing 19 rounds of assorted .40 caliber ammunition. A tan magazine containing 18 rounds of assorted 9mm Luger ammunition was also found in the suitcase. A small black bag within the suitcase contained a plastic baggy of a white crystalline substance suspected to be methamphetamine. A large amount of drug paraphernalia was found within the suitcase. Camouflage body armor, a ballistic helmet, two pair of handcuffs, a ski mask and a "fugitive" task force badge was found in the same suit case.

13.   Inside of the smaller Champion backpack, agents found a loaded Smith and Wesson Model SW40VE .40 caliber semi-automatic pistol bearing serial number RBP5118. Two magazines containing 28 rounds of assorted .40 caliber ammunition were also found in this bag.

14. The residence, from which **WINDSOR** exited was being leased by Taylor Sharkey. Ms. Sharkey informed the agents that **WINDSOR** arrived on the October 18th, 2020 and had pistol in his possession. She described this pistol a potentially being a Smith and Wesson silver in color. He wore this firearm on his hip. When he arrived at her residence he brought suitcases and duffel bags with him. She saw the suitcase and black bag in the neighbor's yard and identified those bags as belonging to **WINDSOR**.

15. Agents were allowed to look at the surveillance camera DVR inside of Ms. Sharkey's residence and observed **WINDSOR** exiting the residence carrying both bags, which were found in the adjacent yard. Screen captures from the surveillance camera and a photograph of the bags as observed are attached herein.



16. Based upon the examination of the firearms, the following was found and in conjunction with the research, my knowledge and experience, it is my opinion that the aforementioned firearms and ammunition described above were manufactured outside of the State of Oklahoma and have traveled or affected interstate and/or foreign commerce. The firearms are

in fact classified as a firearm, which the term "firearm" is defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3). The ammunition listed above also are "ammunition" as defined in Title 18, USC, Chapter 44, Section 921(a)(17)(a).

17. Since this affidavit is being submitted for the limited purpose of enabling a judicial determination of whether probable cause exists to justify the issuance of a criminal complaint for **Sean Bonham WINDSOR**, I have not included each and every fact known concerning this investigation to me and others involved in this matter. I have set forth only the facts that I believe are essential to establish the necessary foundation for a criminal complaint. Based on the above and the totality of the circumstances, I believe that probable cause exists to issue a criminal complaint against **Sean Bonham WINDSOR** for violations of Title 18 United States Code 922(g)(1), felon in possession of a firearm and ammunition and Title 18 United States Code 922(g)(2) fugitive from justice in possession of a firearm and ammunition.

_____
Ashley N. Stephens
Senior Special Agent, ATF

FHM

~~Subscribed and~~ sworn before me via telephone on this 2nd day of November, 2020.

_____
United States Magistrate Judge